### J. VAN VECHTEN against PADDOCK, Sheriff, &c.

Process can neither be executed nor issued on a Sunday. And where a prisoner on execution, admitted to the liberties of the gaol, went beyond the liberties on a Sunday, and the plaintiff, before he returned, on the same day, filled up a capias against the sheriff for the escape, and delivered it to the coroner, this was held not to be such a commencement of a suit against the sheriff as would prevent his pleading a voluntary return before suit brought.

THIS was an action of debt, for the escape of *Isaac Rath-bun*, from the gaol liberties of the county of *Jefferson*, of which the defendant was sheriff. The declaration was in the usual form. The defendant pleaded *nil debet*, and subjoined to his plea, a notice, that he should give in evidence, at the trial, in bar of the action, a voluntary return of the prisoner within the liberties, and custody of the sheriff, before the suit was brought, which notice was verified by an affidavit of the truth of the facts stated in it. It appeared that *Rathbun* escaped and went beyond the liberties on *Sunday*, the 19th *September*, 1812, and went to *Sackets' Harbour*, and on the same day, while *Rathbun* was at that place, and without the liberties, a *capias* was made out and delivered to a coroner of the county, to be served, before he returned into the liberties, which he, afterwards, did on the same day, before the *capias* was actually served on the defendant, and before midnight.

It was agreed, that if the court should be of opinion that the plaintiff was entitled to recover, a judgment should be entered for 929 dollars and 28 cents, with a stay of execution for the usual time, for the defendant to collect the amount from the sureties; but if the court should be of opinion that the plaintiff was not entitled to recover, then a judgment of non-suit should be entered.

*A. Van Vechten*, for the plaintiff. Was the delivery of the writ to the coroner on *Sunday*, a valid commencement of a suit against the defendant, so as to make him liable for the escape? The prohibition of judicial proceedings on a *Sunday*, is derived from the *canon* law, from which it was adopted by the *English* parliament. Anciently, or before the *canon*, all days, for the administration of justice, were regarded alike.* But the prohibition extends to *judicial* acts only; not to such as are purely *ministerial*. *Lord Coke* makes this distinction, and gives the reason, in *Mackally's case*,† " that no *judicial* act ought to be done on *Sunday*, but *ministerial* acts may be law-

* 3 Burr. Rep. 1598, 1601, 3 Bl. Com. 275—278. Spelman Orig. of terms.
† 9 Coke, 66.

fully executed on *Sunday;* for otherwise, peradventure, they can never be executed; and GOD permits things of necessity to be done on that day." This doctrine is also recognised in *Waite* v. *the Hundred of Stoke.** Until the statute of the 29 Car. II. c. 7 s. 6. arrests on a *Sunday* were valid. In regard to process, the *issuing* the writ is the only *judicial* act; and that has relation to the *teste* of the writ, which is a day in term.†

The act for suppressing immorality, (sess. 36. c. 24. s. 5. 2. N. R. L. 195.) prohibits only the serving of process on *Sunday.* It is silent as to the delivery of it to the ministerial officers.

If the court do not allow the issuing the writ or commencement of the action on *Sunday,* in such cases, then these bonds, and the law, as to escapes, will be suspended on *Sundays,* and debtors may freely go and return from prison or the liberties, on those days.

There is no justice or reason in the objection. The party says, " It is true, I have violated my legal, moral, and religious obligations ; but as you delivered your writ on *Sunday,* you are without remedy, and I shall escape with impunity."

*Sterling* and *N. Williams,* contra. It is true, that the issuing the writ is the commencement of the action.‡ The *teste* of a writ on *Sunday* is void; and the act of filling it up and delivering it to the coroner, must be equally void. The 5th section of the act for suppressing immorality, declares " that no person, upon *Sunday,* shall serve or execute, or cause to be served or executed, any writ, process, warrant, order, &c. except in cases of treason, felony, and breach of the peace; but that the service thereof is void." This is taken from the 6th section of the 29 Car. II. c. 7. and in the construction of that act, it has been holden, that not only the arrest, but the whole proceeding, is void, so as to subject the party arresting to an action for false imprisonment.§ The act ought to have a liberal construction, to effectuate the intent of the legislature. Process means proceeding; and in *Taylor's* case,‖ it was held that a declaration in ejectment could not be served on *Sunday ;* for it is a process, though not a judicial one. So service of a notice of a plea filed, on *Sunday,* was held to be void ;. and *Lord Ellenborough* said, " All notices on which rules are made are pro-

---

NEW-YORK, May, 1815.

VAN VECHTEN
v
PADDOCK.

* Cro. Car. 496.

† Becloe v. Alpe, Sir Wm. Jones' Rep. 156.

‡ 3 Johns. Rep. 42.

§ 1 Salk. 78. 3 East, 155.

‖ 12 Mod. 667.

NEW-YORK, cess, in respect to the subject matter; though not with respect
May, 1815. to the writ.*

VAN VECHTEN    Again, the issuing of process on *Sunday*, is void by the com-
v.
PADDOCK. mon law. *Sunday* is no day in law. *Dies dominicus non est*

* *Roberts* v. *juridicus*.† In *Hoyle* v. *Cornwallis*,‡ the distinction taken in
*Monkhouse*,
8 *East*, 547. *Mackally's* case, between judicial and ministerial acts, was
† *Noy's Max-*
*ims*, 1. 2.   1 overruled.
*Inst.* 135.   2
*Inst.* 264.      A coroner is not obliged to receive a writ on a *Sunday*. It
‡ 1 *Str.* 387. would be inconsistent to say, that a writ may be issued on *Sun-*
*day*, when the clerk is not bound to issue, nor the officer to re-
ceive it, on that day. It would be against all the principles
on which the act of the legislature is founded, to suppose the
office of the clerk to be open on *Sunday*, for issuing of writs,
and the sheriff's office open for receiving them.

*Van Vechten*, in reply. The issuing of the writ being a ju-
dicial act, must have reference to its *teste*, which is a day in
term. The filling it up is an act of the clerk. The case of
*Hoyle* v. *Cornwallis* is not analogous. The time of serving a
declaration is immaterial. It may as well be on one day as
another, and the party is not prejudiced by a delay; and its
service is tantamount to the service of a writ. In the present
case, the delivery of the process to the coroner on a *Sunday* is
a *necessary* act; for if it is not delivered on that day, it
would, in effect, be useless and inoperative. To say that the
coroner is not bound to receive the writ on a *Sunday*, is beg-
ging the question.

THOMPSON, Ch. J. delivered the opinion of the court. The
only question in this case is, whether this suit was duly
and legally commenced, so as to preclude the sheriff from
pleading a voluntary return. The statute (2 N. R. L. 194.)
prohibiting the service of process on *Sunday*, does not, literally,
extend to this case. Nor was it necessary that it should, for
according to my understanding of the law on the subject, no
process can be legally issued on *Sunday*. The same principles
of policy, as well as of religion and morality, would inter-
dict the issuing as well as the service of process on *Sunday*.
And had not the common law made it illegal, it is most likely
that the statute would have also extended to this case. It is a
maxim of the law, that Sunday is *dies non juridicus*. And usage,

and the history of the law, show that courts cannot sit on *Sunday*. In *Mackally's* case, (9 *Coke*, 68.) a distinction was taken between judicial and ministerial acts. The former, it was said, could not, though the latter might, be performed on *Sunday*. This case, however, was decided before the statute 29 Car I. which made void the service of process on *Sunday*. In *Becloe* v. *Alpe*, (*Sir William Jones*, 126.) it was said by the court, that *Sunday* was not a *dies juridicus* for the awarding of any judicial process, nor for entering any judgment of record. And the awarding of process, and the giving of judgment, are judicial acts, and therefore cannot be supposed to be done but whilst the court is actually sitting. (3 *Burr.* 1600.) Hence it is that a writ tested on Sunday is considered void.

In the case of *Taylor & Philips*, (3 *East*, 156.) *Lord Ellenborough* said, the statute 29 Car. I. was founded on public policy, and the regularity or irregularity of the proceedings contrary to it, could not depend on the assent of the party, or be waived by him. And if considerations of policy are to be taken into view, they will apply with equal force to the issuing of process. For this may, and, indeed, in judgment of law must, necessarily impose upon the officers of the court the duty of keeping their offices open on *Sunday*. The clerk, if called upon, would be bound to issue the process, and the coroner bound to receive it. For if it is the right of the party to issue process, it is the duty of the officers of the court to lend him their aid, if necessary. If it depends on the will and pleasure of these officers whether they will lend their aid or not, parties may not be placed on the same footing with respect to their remedy against a sheriff in cases like this. Although it has been repeatedly said by this court that the issuing of the writ is, to every material purpose, the commencement of a suit; (3 *Johns. Cas.* 146. 1. *Caines*, 71.) yet this must be understood as applicable to cases where the writ might be executed, or some efficient act done under it, which could not have been done here, as it is not pretended that it could have been served on *Sunday*. The court are, therefore, of opinion, that there was not such a commencement of a suit against the sheriff as to deprive him of the defence set up of a voluntary return of the prisoner. A judgment of nonsuit must be entered, according to the stipulation in the case.