1836.

Gould
v.
Spencer.

---

### GOULD vs. SPENCER.

It is irregular to make any process returnable on Sunday. And where the complainant made his subpœna returnable on that day, and afterwards took out an attachment thereon against the defendant for not appearing, the court set aside the attachment as irregular.

The court of chancery has jurisdiction to restrain proceedings elsewhere, for an abuse of its process, and may compel the injured party to apply to this court for redress. It is not necessary, therefore, to make it a condition of an order setting aside an attachment for irregularity, that no suit at law shall be brought ; but it will be sufficient if a restraining clause is inserted in the order of this court.

THIS was an application to set aside an attachment, which had been issued against the defendant, for not appearing. The appearance was entered with the register, at Albany, on the 7th of August, 1835 ; which was within twenty days after the return day of the subpœna. And a notice of the appearance was sent to the complainant's solicitor, but through some mistake was not received. On the *morning* of the 24th of August, one of the solicitors for the defendant informed the complainant's solicitor that he had sent such notice of appearance to be served on him. But the latter said he had not received it, and that he had issued an attachment against the defendant and should not accept notice of appearance without payment of the costs of the attachment. On the same day a notice of appearance was served ; and on the third of September, the defendant was arrested on the attachment, by the sheriff of the county of Oswego. It was subsequently ascertained that the subpœna was made returnable on Sunday, and that the order for the attachment was not entered

January 19.

1836.

Gould
v.
Spencer.

with the register, at Albany, until the 24th of August, and the attachment was tested on that day.

*J. Rhoades,* for the complainant.

*S. Stevens,* for the defendant.

THE CHANCELLOR. The attachment in this case was irregularly issued, and must be set aside. The order for the attachment must have been entered at Albany, on the 24th of August, after the opening of the register's office on that day. And yet, in the *morning* of that day, the complainant says he saw one of the defendant's solicitors and informed him that he had issued an attachment against the defendant. The attachment, therefore, must have been issued before the order which authorized the issuing of such a process was entered. And as no costs were legally due at that time upon the attachment thus irregularly issued, the solicitor should have recalled it, and not allowed the defendant to be arrested thereon after the notice of appearance was received.

Again; the subpœna which was made returnable on Sunday was irregular, and did not warrant the entering of the order for an attachment, even if no notice of appearance had been given. This court, although legally open on all other days, cannot be opened or held on Sunday, for any purpose whatever. (2 *R. S.* 275, § 7.) It is therefore irregular to make any process returnable on that day. Sunday is expressly excepted in the 19th rule, which authorizes process to be made returnable on any day, either in vacation or term, unless otherwise directed.

As the complainant's solicitor insisted upon strict practice, in this case for the purpose of getting costs, which had arisen from the accidental delay of the solicitors of the defendants in serving their notice of appearance, and has himself made a fatal slip, his client must be charged with the costs of this application, and the costs on the attachment. The order for setting aside the attachment as irregular must contain a clause restraining the defendants from bringing any action at law for the illegal arrest. It is not necessary that the order should be, in its terms, conditional, as this court

has jurisdiction to restrain a proceeding elsewhere for any abuse of its process, and to compel the party injured thereby to come here for compensation. (*Aston* v. *Heron*, 2 *Mylne & Keene*, 390. *Nugent* v. *Nugent*, 2 *Moll. Rep.* 372.)