NEW-YORK PRACTICE REPORTS. 535

The New-York Central Insurance Co. agt. Kelsey.

## SUPREME COURT.

THE NEW-YORK CENTRAL INSURANCE Co. agt. WM. KELSEY.

The time of the commencement of the circuit courts in the different counties in the state is a part of the public law, and must be presumed to be known by all, especially by the *legal profession.*

Therefore, the service of a *notice of trial* in the usual form for the circuit, which specifies that the cause will be brought to trial, and an inquest taken, &c., on the third *Tuesday* instead of the third *Monday* of June, the appointed first day of the circuit, will not be held irregular, especially where it is apparent that the notice has not in fact misled.

If an attorney, upon whom such a notice is served, thinks it irregular, or insufficient, he should immediately return it—he retains it at his peril.

*Oneida Special Term, July,* 1856.

MOTION to set aside judgment in favor of the plaintiff, founded on an inquest at circuit, on the ground of irregularity in notice of trial.

The venue in the action is laid in the county of Otsego. On the 20th day of May, 1856, a notice of trial was served by the plaintiff's attorney on the defendant's attorney : the notice was as follows :—

" Please to take notice, that the above cause will be brought to trial, and an inquest taken therein, at a circuit court appointed to be held in and for the county of Otsego, at the court-house in the village of Cooperstown, on the third *Tuesday* of June next, at the opening of the court, or as soon thereafter as counsel can be heard."

The irregularity in the notice consisted in the word *Tuesday,* which should have been *Monday,* as the court was appointed to commence its session on Monday instead of Tuesday. On the 16th day of June, which was the Monday the court, by law, was to commence, the defendant's attorney, who resided at Syracuse, sent a telegraph dispatch to the presiding judge, as follows :—

" Is the New-York Central Insurance Company agt. W. Kel-

sey on calendar—notice of trial served for third Tuesday, in-stant, *instead* of third Monday? Shall I be obliged to attend? Answer immediately."

The defendant's attorney did not attend this circuit, and on Wednesday, the 18th day of June, an inquest was taken in the cause, and judgment thereon perfected.

> GEO. S. TUCKERMAN, *for plaintiff.*
> N. HINE, *for defendant.*

HUBBARD, Justice. The motion must be denied, on the ground that the error in the notice of trial was not such as was calculated to mislead. The error was merely clerical, and must have been so understood and appreciated by any intelligent member of the legal profession. That the defendant's attorney so understood it is quite apparent, from his telegraph to the judge holding the circuit. He speaks of the notice for the third *Tuesday instead* of the third Monday. The word *instead* shows clearly that he was aware of the error, and was not, therefore, *in fact*, misled.

In all cases of this kind of defective notice of trial, when the precise day of trial is not designated, or another one is errone-ously specified, the important inquiry is, whether the adverse party has been *in fact misled*, or *might have been*. (3 *Caines' R.* 86; 4 *Cow.* 51, 60; 2 *How. Pr. R.* 160.) The court will look at any surrounding circumstances which are calculated to throw light upon the question.

It seems to me, that the defendant's attorney in this case cannot allege that he was misled and prejudiced. The time of the commencement of the circuit in Otsego, or in any other county in the state, is a part of the public law, and must be presumed to be known by all, especially the legal profession. The term in June, in Otsego, was appointed by the judges un-der § 22 of the Code, and a notice of that appointment was filed in the department of state, and published by the secretary of state, as required by § 25 of the Code. No other term was to be holden in that county in June, except the one appointed

for the third Monday. It must be presumed, therefore, that the attorney for the defendant knew that the use of the word *Tuesday* instead of Monday, in the notice of trial, was a clerical mistake. If he wished to render the notice ineffective, he should have returned it at once. But, keeping it, he must be regarded as intending to waive the defect, or apparent irregularity. (*Silliman* agt. *Clark*, 2 *How. Pr. R.* 160.)

This motion should be denied upon authority, which, in principle, settles the practice in this respect. In the case of *Silliman* agt. *Clark*, a notice of trial, in printed form, served for a circuit to be held on the 4th ——day of April, was held good for the 4th Monday of April. The omission of the day of the week was held to be a mere irregularity, which could be readily perceived, and that the retaining the notice amounted to a waiver. The word Monday was supplied by intendment to fill the blank in the notice.

In the case of *Jackson* agt. *Davis*, (4 *Cow.* 51,) it was held, that a notice for the next term generally was sufficient, and that if it added a particular day for the motion, which was several terms forward, it might be rejected as surplusage.

The notice was dated in January, 1825, and was for the next general term, to be holden at the capitol in Albany, on the *third Monday of Oct. next.*

The next term was, in fact, held in February following ; and it was decided that the motion could be properly made in February, and the designated October term stricken out as surplusage.

In the case of *Bander* agt. *Covill*, (4 *Cow.* 60,) the notice of trial was for the third Monday of November, instead of the third Tuesday. It was held sufficient, especially as it appeared by proof of conversations, etc., *aliunde* the notice, that the party was not, in fact, misled.

The case of *Wolfe* agt. *Horton*, (3 *Caines' R.* 86,) is quite in point. The notice of trial was for Tuesday, instead of Monday. In deciding a motion to set aside an inquest, speaking of the objection to the regularity of the notice of trial, the court say,—

" The last objection is a captious attempt to take advantage. The period at which the sittings were held was a matter of general notoriety. The day of the month was right, and though that of the week was wrong, it could not, as the plaintiff's counsel has remarked, misled, and must therefore be rejected as surplusage, for it was not necessary to state it."

In the case at bar, the notice stated the month in which the court was *appointed* to be held. That appointment was a matter of public notoriety, presumably known to every practicing lawyer, and hence the word *Tuesday* might be stricken out as surplusage, leaving the notice within the principle of the above cited cases clearly good.

In my opinion, therefore, the defendant's counsel cannot, with legal propriety, contend that he was misled by the irregularity in the notice of trial. It is apparent to me that he was not, from the letter of the notice, the certainty of the day fixed by law for the commencement of the circuit, as well as from the character of the telegraph.

It follows that the inquest was properly taken, and the motion must be denied, with $10 costs.