## THE ARCTIC FIRE INSURANCE COMPANY *a*. HICKS.

*Supreme Court, First District ; General Term, July,* 1858.

An order returnable on Sunday is a nullity.
A party is not justified in disobeying an order, because it is merely erroneous.

Appeal from an order granting an attachment for contempt.

On the 4th of March, 1858, Mr. Justice Ingraham granted an order for the examination of the defendant as a judgment debtor on supplementary proceedings. It was made returnable on the 14th of the same month, but plaintiff discovering that it was returnable on Sunday, had it altered to the 15th, and gave defendant verbal notice of the alteration. On the 15th the defendant was not present. Upon application of plaintiff's counsel, Mr. Justice Clerke granted a certificate, and a further order for defendant to appear on the 19th of March, but again he was not in attendance. Mr. Justice Clerke then granted an order to show cause why an attachment should not issue, upon the return of which, before Mr. Justice Davies, defendant's counsel objected to the issuing of the attachment, on the ground of irregularities, in that the first order was made returnable on Sunday, and that the affidavit of service was not read. After argument, Mr. Justice Davies ordered the attachment to issue.

From this order the defendant appealed to the general term.

BY THE COURT.*—INGRAHAM, J.—If the order for the debtor to appear in the supplementary proceedings was returnable on Sunday, it was not a contempt on his part not to appear on Monday: the order was a nullity. The objection that the affidavit was not served with the order should have been taken on

---

* Present, DAVIS, P. J., and CLERKE and INGRAHAM, JJ.

the return of the order. He had no right to disobey the order for that cause. The next order, for the 19th, made by Judge Clerke, appears to have been founded on the previously served affidavits. The defendant was in contempt for disobeying it. Even if it was erroneous, he had no right to disregard it. The matters he offered on the return of the attachment may be sufficient to purge the contempt, or, if not, to excuse him to some extent, and thereby reduce the fine to a nominal amount, but it afforded no reason for denying the motion. The order appealed from should be affirmed.

## CRUYT a. PHILLIPS.

*Supreme Court, Second District; General Term, February,* 1858.

### PLEADING.—UNDERTAKING.

In an action on an undertaking given upon the discharge of an attachment, it is not necessary to allege in the complaint that the attachment was duly issued, nor to show that the officer or court had jurisdiction to issue it, if it be shown that the action in which it was issued was brought and pending in a court of general jurisdiction.*

Form of complaint on an undertaking given on discharge of an attachment.

Appeal from a judgment overruling demurrer to complaint.

This was an action brought in the City Court of Brooklyn,

---

* CROWELL a. CHURCH.—*Supreme Court, First District; Special Term, April,* 1858.

This was an action brought under an order of the court, by the plaintiff, as receiver of the property of N. Van Brunt, against the defendant as administratrix, to recover the sum of $1330.88, for professional services rendered by said Van Brunt as attorney to the defendant's intestate.

The complaint set out the appointment and authority of the receiver in the premises as follows:

"The complaint of the above-named plaintiff shows to this court that by an order of the Supreme Court of the State of New York for the Second Judicial District, dated the 19th " day of November, 1855, and entered in the county of Kings with the clerk of said court on supplementary procedings after execution unsatisfied on a certain judgment in said court obtained by Albert N. Van Brunt,