(63 App. Div. 172.)

### SCOTT SHOE–MACHINERY CO. v. DANCEL.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

SUNDAY—SERVICE OF PROCESS.

    Under Pen. Code, § 268, service of process in a civil action on Sunday is absolutely null and void, except in cases of breach of the peace or in apprehension thereof, or when sued out for the apprehension of a person charged with crime, or except where authorized by statute.

Appeal from special term, New York county.

Action by the Scott Shoe-Machinery Company against Christian Dancel. From an order directing plaintiff's attorneys to accept an answer to the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

Henry H. Pierce, for appellant.
J. Philip Berg, for respondent.

McLAUGHLIN, J. This is an appeal from an order directing the plaintiff's attorneys to accept an alleged answer. The summons and complaint were served on Sunday, February 10, 1901. Four days later another summons and complaint were served, in which relief was asked upon substantially the same ground as that stated in the complaint first served. On the 2d of March following, the defendant's attorney served an answer to the complaint in each action; and on the 4th of March the plaintiff's attorneys returned the answer to the complaint first served, on the ground that that service was null and void. Thereafter a motion was made by the defendant to compel the plaintiff's attorneys to accept the answer. The motion was granted, and the plaintiff has appealed.

The order appealed from must be reversed. At common law, Sunday is dies non juridicus. Process in a civil action can neither be issued, served, nor a return made, on that day. Van Vechten v. Paddock, 12 Johns. 178, 7 Am. Dec. 303. A judgment cannot be

entered on Sunday (Houghtaling v. Osborn, 15 Johns. 119), and if entered it is void (Hastings v. Farmer, 4 N. Y. 293; Allen v. God-frey, 44 N. Y. 433; Blood v. Bates, 31 Vt. 147). Service of process on Sunday in a civil action, except in certain cases, is expressly prohibited by statute. Thus, section 268 of the Penal Code provides:

"All service of legal process of any kind whatever, upon the first day of the week, is prohibited, except in cases of breach of the peace, or appre-hended breach of the peace, or when sued out for the apprehension of a person charged with a crime, or except where such service is especially authorized by statute. Service of any process upon said day, except as herein permitted, is absolutely void for any and every purpose whatever."

Here service of the summons and complaint was a nullity. It was absolutely void, and the plaintiff could not have obtained a judgment upon such service had the defendant neglected or refused to appear. Had a judgment been entered, it would have been void upon its face. It would have been coram non judice. The proof of service would have disclosed the fact that the service was made on the 10th of February, and the court would have taken judicial notice that the 10th of February was Sunday. Ecker v. Bank, 64 Md. 492, 1 Atl. 849. There was therefore no occasion or necessity for the defendant to interpose an answer, because the plaintiff could not have acquired anything by reason of such service, or taken any advantage of the defendant in case of his nonappearance or failure to serve an answer to the complaint. In addition to this, it ap-peared that, intermediate service of the first summons and com-plaint and the second one, the defendant's attorney was informed of the fact that, the service having been made on Sunday, it was void, and would be so treated, unless the defendant would consent to voluntarily appear, which the attorney refused to do, on the ground of want of authority; and when the answer was served it was immediately returned upon the ground that, "the 10th day of February having been a Sunday, process served on that day was absolutely void and of no effect whatever."

It follows, therefore, that the order appealed from must be re-versed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.