STATE BANK v. SPENCE et al.

(City Court of New York, General Term. March, 1902.)

NOTICE OF TRIAL—RETURNABLE ON SUNDAY—VALIDITY.
    An order advancing a cause to the short-cause calendar, founded on a notice of trial returnable on a Sunday, is void.
    Seabury, J., dissenting.

Appeal from special term.

Action by the State Bank against John Spence and others, doing business as the Bell Manufacturing Company. From an order ad-

vancing the cause to short-cause calendar, the defendants appeal. Reversed.

Argued before DELEHANTY, McCARTHY, and SEABURY, JJ.

James S. Alderdice, for appellants.
Joseph I. Green, for respondent.

DELEHANTY, J. This is an appeal from an order granting plaintiff's motion to place the cause upon the short-cause calendar. On November 30, 1901, plaintiff served a notice that the cause would be moved for trial on December 8, 1901, which day was a Sunday. Thereafter it applied, upon notice, to place the cause upon the short-cause calendar, and the defendants then objected thereto for the reason that no valid notice of trial had been served. The motion was granted, and the appeal is from the order entered thereon.

I am of the opinion that the order was improperly granted. It is based upon a notice of trial returnable upon a day which, at common law, is dies non juridicus. In Kenworthy v. Peppiat, 4 Barn. & Ald. 288, it was held that a writ returnable on a dies non is altogether void, and cannot even be amended by the court. In Holliday v. Cooper, 3 Mo. 286, the court said that, where a writ is made returnable to no term known to the law of the land, but to some other day, not the commencement of a term, appearance and pleading will not cure the defect; and we are not without precedent in our own state upon the subject. In Gould v. Spencer, 5 Paige, 541, it was held that any process returnable on Sunday was irregular; and where the complainant made his subpœna returnable on that day, and afterward took out an attachment thereon against the defendant for not appearing, the court set the attachment aside as irregular. And in Insurance Co. v. Hicks, 7 Abb. Prac. 204, it was decided that contempt proceedings cannot be predicated upon a failure to obey orders returnable on that day. Process in a civil action can neither be issued, served, nor a return made on Sunday. Van Vechten v. Paddock, 12 Johns. 178, 7 Am. Dec. 303. A judgment cannot be entered on that day (Hoghtaling v. Osborn, 15 Johns. 119), and, if entered, it is void (Hastings v. Farmer, 4 N. Y. 293; Allen v. Godfrey, 44 N. Y. 433); and the appellate division in this department has recently decided, in Machinery Co. v. Dancel, 63 App. Div. 172, 71 N. Y. Supp. 263, that a service of summons and complaint made on Sunday is absolutely void. While I am aware that there are authorities to the effect that such a defective process may be amended to promote the purposes of justice (Boyd v. Vanderkemp, 1 Barb. Ch. 273), and that, where a capias ad respondendum was returnable on Sunday, the putting in of special bail, though without knowledge of the defect, is a waiver of it (Wright v. Jeffrey, 5 Cow. 15), yet I believe the law to be that a writ returnable to a dies non is returnable to a time when it is impossible for a court to be held, and is therefore void, and incapable of amendment. The notice of trial in question should have been for a day within the term of court. Having been made returnable on a day

when the court is expressly prohibited by statute from sitting, the defendant, in my opinion, could have disregarded it without incurring any risk or forfeiting any rights; and in the absence of a valid notice of trial, the court was without power to advance the cause.

It follows, therefore, that the order appealed from must be reversed, with $10 costs and disbursements.

McCARTHY, J., concurs.

SEABURY, J. (dissenting). The plaintiff's notice of trial noticed the case for December 8, 1901, which was a Sunday, "or as soon thereafter as counsel can be heard." Since the order was made advancing the cause, the action has been tried, and judgment has been recovered by the plaintiff. The appellants appeal from the order advancing the cause, and assert that the notice of trial noticing the cause for Sunday was a nullity. It is true that Sunday is dies non juridicus, and that judicial proceedings taken on that day are void, and that contempt proceedings cannot be predicated upon a failure to obey orders returnable on that day. Insurance Co. v. Hicks, 7 Abb. Prac. 204; Gould v. Spencer, 5 Paige, 541. In an ordinary civil action so strict a rule is, in my opinion, inapplicable to what is evidently a mere clerical error in a notice of trial. Such a defective notice of trial is a mere technical irregularity, and, unless it is returned, the defect is waived. Boyd v. Vanderkemp, 5 Barb. Ch. 273, 289; Insurance Co. v. Kelsey, 13 How. Prac. 535. In Wright v. Jeffrey, 5 Cow. 15, a capias ad respondendum was returnable on Sunday, but the defendant, having put in bail, was held to have waived the defect. In that case the court said: "The case is not within the statute, or the rule of public policy which forbids any ministerial act in the course of a cause to be performed on Sunday. It is probably a mere clerical mistake of the return day." Where a notice of trial noticed the action for the third Tuesday instead of the third Monday of the month, which was the first appointed day of the circuit, the court held: "The error was merely clerical, and must have been so understood and appreciated by any intelligent member of the legal profession." Insurance Co. v. Kelsey, supra, and cases cited. The fact that the action could not be brought to trial upon a Sunday must be presumed to have been known to all, especially to members of the legal profession. If the attorney for the defendants thought the notice insufficient, he should have immediately returned it. He did not return the notice, nor has he at any time claimed to have been prejudiced thereby. To reverse this order, judgment having already been rendered in the action, because of what was evidently a mere clerical error, would, in my judgment, be an injustice which neither the spirit nor letter of the law requires us to commit. The order appealed from should be affirmed, with $10 costs and disbursements.