(45 Misc. Rep. 169)

WARD et al. v. SMITH et al.

(Supreme Court, Special Term, New York County. November, 1904.)

1. TRIAL—FILING NOTE OF ISSUE.

Plaintiff failed to reply within 20 days allowed him by an order sustaining a demurrer to one defense, but overruling it in other respects, and appealed from the interlocutory judgment, but did not obtain a stay. *Held*, that defendant could file note of issue and serve notice of trial pending the appeal.

2. SAME—NOTICE OF TRIAL.
    Where the notice of trial is irregular, the party receiving it should return it promptly.

3. SAME—TRIAL CALENDAR.
    Where plaintiff appealed from an order overruling demurrers to an answer without taking a stay of proceedings, and defendant filed a note of issue and served a notice of trial pending the appeal, the fact that after the appeal had been decided defendant admitted service of a reply does not impair his right to insist that the action was properly put on the trial calendar during the pèndency of the appeal.

Action by Joseph Ward, Jr., and Thomas Hinds against William E. R. Smith and others. Motion by plaintiffs for an order resettling terms, of order denying plaintiffs' motion to strike the cause from the calendar. Order modified.

See 88 N. Y. Supp. 700.

Johnston & Johnston and Joseph A. Duffy, for plaintiffs.
Clarence J. Shearn, for defendants.

BLANCHARD, J. This motion is made on behalf of the plaintiffs for an order resettling the terms of an order recently made by me denying the plaintiffs' motion to strike this cause from the calendar upon the ground that no notice of trial had been served by either party. The plaintiffs now seek to resettle that order by having inserted therein a recital of an affidavit and exhibit which they contend were before me as part of their motion papers upon the hearing of their application for an order striking the cause from the calendar. In order that there may be a clear understanding of the grounds upon which the plaintiffs claim the right to have the order so resettled, it becomes necessary to recite the facts which were before me when I denied the plaintiffs' original motion to strike the cause from the calendar. The answers to the complaint were served in November, 1903, and set up certain new, matter in separate defenses. On November 4, 1903, the plaintiffs demurred to the answers upon several grounds. The demurrers were brought on for argument before Mr. Justice MacLean, who, on February 20, 1904, made an interlocutory judgment sustaining the demurrers to the second separate defense set up in the answers and overruling the demurrers in all other respects. By the terms of this interlocutory judgment leave was granted to the plaintiffs to withdraw said demurrers and reply within 20 days after the entry and service of such interlocutory judgment. From the interlocutory judgment the plaintiffs appealed to the Appellate Division of this court. Their notice of appeal is dated March 11, 1904. It does not appear that defendants' proceedings in the action were stayed either by order or stipulation. Thereafter the defendants filed a note of issue and served a notice of trial for May term, 1904. The date of the service of this notice of trial does not appear, but, as there is no claim made that it was returned by the plaintiffs for irregularity in any respect, it may be assumed that it was duly served after the expiration of the 20 days within which the court had given leave to the plaintiffs to serve replies to the new matter set up in the answers. On May 20, 1904, the case was reached on the call calendar, and the plaintiffs then moved that it be stricken from the calendar upon the ground that, as an appeal from the interlocutory

judgment upon the demurrer was pending, the case was improperly upon the calendar. The justice there presiding denied the motion, stating that it could more properly be made when the case should be reached on the day calendar. The appeal was heard at the May, 1904, term, and the result of it was that the interlocutory judgment upon the demurrer was modified, but that part of the judgment which over-ruled the demurrers to those portions of the answers wherein the new matter was set up was sustained by the Appellate Division. This resulted in leaving the new matter in the answers unaffected by the appeal. After the determination of the appeal, and on June 24, 1904, the plaintiffs served replies to the new matter set up in the defendants' answers, and defendants' attorney admitted due service thereof. On September 8, 1904, the defendants served another notice of trial for the October, 1904, term. It does not appear that they filed any new note of issue for that term. But it appears that this notice of trial was served upon the plaintiffs' attorneys, and it is not claimed that it was returned for irregularity in the service in any respect. That was the condition of the case when, at the opening of the October, 1904, Special Term, the plaintiffs made their motion before me to strike the case from the calendar upon the ground that no notice of trial had been served. I denied that motion for the following reasons: The practice of the defendants in filing a note of issue and serving a notice of trial for May, 1904, term was proper, because at the time of such filing and service the plaintiffs were in default for failure to serve their replies within the 20 days allowed to them by the interlocutory judgment. Instead of availing themselves of the privilege extended to them by the court, they took their chances of appeal. Upon this appeal there was no stay of the defendants' proceedings, and they had the right to put the case on the calendar and move it for trial upon the theory that the issue joined by the complaint and answer was the complete issue in the action. There was no counterclaim involved, and I can see no reason why the defendants should have been compelled to await the result of the plaintiffs' appeal. As it finally turned out, that appeal left the answers, for the purposes of the replies, in exactly the same form as when the interlocutory judgment upon the decision of the demurrers were entered. If the service of the notice of trial for the May term was deemed by the plaintiffs to be irregular for any reason it should have been returned promptly to the defendants' attorney. Meislahn v. Hanken (Com. Pl.) 18 N. Y. Supp. 361; New York Central Ins. Co. v. Kelsey, 13 How. Prac. 535. The same may be said with respect to the defendants' notice of trial for the October, 1904, term. This last notice of trial appears to have been unnecessary, for, the May notice of trial having been duly served, and a note of issue having then been duly filed, there was no reason why the defendants should have served another notice of trial for a subsequent term. Code Civ. Proc. § 977; Marks v. Murphy, 27 App. Div. 160, 50 N. Y. Supp. 622. The mere fact that the defendants were served with the replies in June, 1904, after the appeal had been decided, and after the defendants had served their notice of trial, does not, under the circumstances of this case, impair the defendants' right to insist that the action was properly upon the calendar and duly noticed in May, 1904. At the time these replies were served it seems to me

that the time to serve them as a matter of right had expired, and when the defendants' attorney admitted service of them he did not, by that mere act, destroy the defendants' right to a speedy trial, which had been acquired by his diligence in promptly placing the case upon the calendar and noticing it for trial in May, 1904. I am well aware of the authorities which establish the rule that the issue in an action dates from the time of the service of the last pleading, but the facts in this case warrant a different ruling. To hold otherwise would encourage a most vicious practice, by which the trial of an action might be unduly delayed. Having once been properly placed upon the calendar, the case was entitled to remain there until disposed of. Code Civ. Proc. § 977.

The recitals which the plaintiffs desire to have inserted in my former order denying their motion to strike the cause from the calendar are an affidavit of one of the plaintiffs' attorneys, verified October 3, 1904, and a copy of the defendants' notice of trial for October, 1904. This affidavit and exhibit were not recited in the plaintiffs' notice of the original motion, but my recollection is that they were put with the papers after the argument. I know that they were read by me when I was considering the motion. They were not recited in the order which I signed upon a denial of the motion, because I did not deem them properly a part of the moving papers, nor did I think they in any way affected the question which was before me for decision. However, upon this motion for a resettlement, I will so modify my previous order as to have it recite these papers, as such modification in no manner affects the merits of the previous application nor impairs the substance of the order itself.

Ordered accordingly.