PATTEE, Respondent, *v.* CHICAGO, M. & ST. P. RY. Co., Appellant.

### 1. Railroads—Injuries to Passengers—Condition of Track—Evidence.

In an action for damages against a railroad company for personal injuries caused by the derailment of a car from a broken rail, the court admitted evidence of the condition of the land and track, without confining it to the time and exact place of the accident. *Held* error.

### 2. Same—Instructions.

In an action for damages against a railroad company for personal injuries caused by the derailment of a car, the court instructed the jury "that experience proves that when the track and machinery are in perfect condition, and prudently operated, the trains will keep upon the track, and run thereon with entire safety to those on the cars.

"Whenever a car leaves the track, and goes down an embankment, as this car did, it proves that either the track or machinery, or some portion thereof, is not in proper condition, or that the machinery is not properly operated." *Held* error, as, taken together, it in effect affirms that the happening of such an accident is conclusive, instead of *prima facie*, proof of negligence.

The use of the term "perfect" in such connection is objectionable, as it is liable to cause the jury to think that the law exacts of railway corporations the duty of furnishing something better than a reasonably good track for the transportation of passengers.

(Argued February 3, 1887; reversed February 16; opinion filed May 22, 1888.)

Appeal from the district court of Brule county; Hon. A. J. EDGERTON, Judge.

*J. W. Cary* and *R. B. Tripp,* (*Burton Hanson,* of counsel,) for appellant.

The testimony which the appellant introduced fully rebutted the *prima facie* case made by the respondent, and conclusively showed, as a matter of law, that there was no negligence on its part in any of the respects charged against it.

The testimony which the respondent offered in the first instance only made out a *prima facie* case against the appellant. The duty, then, was upon the appellant to show that it was not negligent in respect to any of the claims put forth by the

respondent, or that the negligence claimed by her did not in any way contribute to the accident. This duty the appellant claims it fully met, and that the testimony which it offered, and which stands uncontradicted and unimpeached, is conclusive upon the respondent, and the court below should have so held as a matter of law. The *prima facie* case made by the respondent only raised a presumption of law against the appellant. The presumption was disputable. The rule is that no disputable presumption of law is to be regarded as testimony which must necessarily be submitted to a jury, but its office is merely to determine on which party the *onus probandi* is laid. *Spaulding* v. *Railway Co.*, 33 Wis. 582, (see 592.)

The weight and effect and the amount and character of the proof necessary to overcome the presumption which arose against the appellant out of the *prima facie* case made against it, are questions for the court, and not for the jury to determine. *Spaulding* v. *Railway Co.*, *supra*.

It was the duty of the court to hold, as a matter of law, that the presumption was overcome. *McPadden* v. *Railway Co.*, 44 N. Y. 478.

Section 679, C. C. Pro., provides that the killing or damaging of any horses, etc., by the cars or locomotives, etc., shall be *prima facie* evidence of carelessness and negligence of said corporation.

Kentucky has the same statute. In the case of *Talbot* v. *Railway Co.*, 78 Ky. 621, 7 Amer. & Eng. R. Cas. 585, it was held that the uncontradicted and unimpeached testimony of such employes of the railway company as are presumed to know the facts, that there was no negligence, overcame the *prima facie* case, and that there could be no recovery. See, also, *Packwood* v. *Railway Co.*, 7 Amer. & Eng. R. Cas. 584.

. The court erred in its charge as to the presumptive proof on a car leaving the track.

It, in terms, told the jury that the respondent had made out a case that could not be rebutted by the appellant. There is no dispute but what the car left the track, and that it went down

an embankment. The most that can be claimed from these facts is that it made a *prima facie* case against the appellant, which it was bound to explain. The court did not so instruct the jury, but told them that these facts proved negligence against the appellant. *Garretson* v. *Pegg*, 64 Ill. 111.

It may be claimed that the latter part of the instruction is good law in stating that "it presumptively proved," etc. Admitting that this is so, it in no way cured the erroneous instruction. *Gale* v. *Rector*, 5 Bradw. 489; *Henks* v. *Railway Co.*, 91 Ill. 406; *Ills. Co.* v. *Hough*, Id. 63; *Railway Co.* v. *McMath*, 4 Bradw. 356.

There was also error in charging that "experience proves that, when the track and machinery are in perfect condition, and prudently operated, the trains will keep upon the track, and run thereon with entire safety to those on the cars."

Experience proves quite the contrary. Besides, the court ought not to have told the jury what experience proved. It was for the jury, after applying their own experience to the testimony, to say what it proved, and not for the court to tell them as a matter of law what it proved.

The undisputed testimony in the case, given by persons who had had large experience in railway service, showed conclusively that in very cold weather it was not an uncommon thing for rails to break by the passage of trains over them, and for cars to leave the track, although the greatest care was exercised in the construction and maintenance of the road-bed and track, as well as in the running of the train.

The court erred in admitting the evidence as to the condition of the track east and west of the broken rail. *Morse* v. *Railroad Co.*, 30 Minn. 465, 16 N. W. Rep. 358.

*J. M. Long*, for respondent.

The testimony with reference to the condition of the track was competent. *Missouri Pac. Ry.* v. *Collier*, 18 Amer. & Eng. Ry. Cas. 282; 94 Pa. St. 351; 5 Amer. & Eng. Ry. Cas. 407.

The charge in reference to a *prima facie* case adopts the rule

of the court of appeals of New York. *Caldwell* v. *Steam-Boat Co.,* 47 N. Y. 291; *Edgerton* v. *Railroad Co.,* 39 N. Y. 227; *Curtiss* v. *Railway Co.,* 18 N. Y. 534; *Seybalt* v. *Railway,* 95 N. Y. 568. See, also, *Railway Co.* v. *Raybolt,* 99 Ind. 551; *Railway Co.* v. *Burk,* 96 Ind. 346; *Railway Co.* v. *Wilkins,* 74 Ind. 462; *Railway Co.* v. *Newell,* 72 Ind. 542, 23 Amer. & Eng. Ry. Cas. 492; *Railway Co.* v. *Miles,* 13 Amer. & Eng. Ry. Cas. 10; 6 South. L. R. 537; 31 Amer. Dec. 325, 326, notes; *Railway Co.* v. *Reynolds,* 88 Ill. 418; *Railway Co.* v. *Thompson,* 56 Ill. 138.

MCCONNELL, J. This is one of those actions which the growing magnitude of railway building and railway travel has rendered very common in all courts of general jurisdiction throughout the United States. The plaintiff, while a passenger upon one of appellant's trains, received personal injuries, through the derailment of the coach in which she was riding,—an accident resulting from a broken rail. This action is for damages for such injuries; and the substantial issue between the parties upon the trial, briefly stated in general language, was this: Did the plaintiff's injuries result from appellant's negligence? The jury found for the plaintiff a verdict for $3,000. Judgment for this amount was entered after motion for new trial overruled.

Upon the trial, after the testimony had been all given, appellant's counsel requested the trial court to direct the jury to find a verdict for the defendant. This request was denied, and appellant excepted. The question involved in this ruling is now pressed by appellant before us, and we shall examine its pertinency preliminary to passing upon such other questions as appellant presents and we deem material for our consideration.

The theory of law upon which appellant's counsel based such request we state in our own language, as follows: Proof of personal injury to a passenger, as such, establishes, *as a presumption of law,* that such injury resulted from the carrier's negligence. The effect of this presumption is to cast upon the carrier defendant the burden of proving that the injury complained

of did not result through his negligence.  If thereupon he in-
troduces competent evidence tending to show that his track,
vehicle, and motive power were, at the time of the accident, up
to the high standard of condition required for the transporta-
tion of human beings; were in charge of competent servants,
then and there using due care in and about the management of
the same; and if such evidence in that behalf remain uncon-
tradicted and unconflicting,—its weight and effect are for the
court, and not for the jury, to determine.   And if, furthermore,
such evidence be to the court clear and satisfactory against the
presumption of law that there was negligence, there is no case
to go to the jury, and the court should hold accordingly.

This theory of the law is sustained by many respectable au-
thorities.  "The rule of law is doubtless that, where there is no con-
flict of testimony, where the existence of a fact is clearly proved
by undisputed testimony, the court should hold that the fact is
established, and it is error to leave it to the jury to find whether
or not the fact exists."  *Spaulding* v. *Railway Co.*, 33 Wis. 582,
citing numerous authorities.

In the case above cited, it was argued that the presumption
of negligence arising on simple proof of the injury should be
held to have the legal effect of conflicting testimony, so as to
entitle the case to go to the jury; but it was held otherwise, and
that such presumption, being a presumption of law and not of
fact, simply cast upon the defendant the burden of proof under
the issue as to negligence.

While the theory of law, as above stated, may be unobjection-
able, and seems to be in conformity with section 679 of the Code
of Civil Procedure of this territory, defining, in certain cases,
what shall constitute *prima facie* evidence of negligence on the
part of railway corporations, the learned trial judge could not
have held it applicable to the case at bar consistently with his
other rulings.   In his opinion, as shown by his ruling, there was
competent evidence on the part of the plaintiff tending to rebut
the testimony of appellant's witnesses that the condition of the
track was good at the place of the accident.   Unless, then, we

should first decide that all such rebutting evidence was incompetent and improperly admitted, we need not pass upon the correctness of said theory, nor upon its applicability to the case at bar. It will be sufficient for us to pass upon the more immediate assignments of error. These may be broadly stated as twofold,—error in admitting evidence, and error in the charge to the jury.

The alleged errors as to admitting evidence relate to testimony offered as to condition of track at or near the place of accident, and may be considered as one. The testimony admitted, under objection, is that, where the car was derailed, and east and west of that spot along the track, the land was low and wet, with sloughs on both sides of track there; that some of the rails "along there" were loose on the ties, so that the hand could be run under them, (without the question as to such looseness being confined to a particular time;) that the ties made an uneven surface, so that cars running over it caused the rails to go down, (without question being confined to any particular time or place;) that the track was not very smooth "along where this derailment was," (question as to place was in the words quoted, and not limited to any particular time;) the ties were loose in some places, and the rails were all old.

The condition of the track and road-bed at the time and place of the derailment was certainly material; but we think that the testimony objected to, as we have above grouped it, shows plainly that the learned trial court admitted what tended as much to show former and general negligence about track and road-bed as it did to show that particular negligence for which alone appellant would be liable in this action.

That the land along this portion of the track was low and wet is not material, in any sense, so far as the other evidence shows; and the effect, if any, upon the jury of testimony in that behalf could only have been to confuse. We may suppose that plaintiff's witnesses were asked, in reference to the land being low and wet, as a reason for and to corroborate their statement of the badness of the track, although such reason does not appear

except inferentially. But, as a matter of fact, land merely low and wet, provided it have, as is frequently the case, a stiff subsoil, offers no obstacle whatever to the making of a smooth and permanent road-bed. It is evident that appellant intended the road-bed here made to be permanent, as it appears from the evidence that an embankment had been thrown up, and the track ballasted with gravel. It was therefore error to admit testimony as to such lowness and wetness, treating it as in itself a primary material fact; perhaps not such vital error as would, if standing alone, cause an appellate tribunal to reverse, yet one which, linked with the vagueness as to time and place with which condition of track was described in accompanying testimony, as above cited, may well have tended to influence the jury to appellant's prejudice.

We have already indicated that there was error in not confining testimony as to condition of track more closely to the time and place of the accident. The exact place of the broken rail and of the derailment seems to have been known to the witnesses. The language of the supreme court of Minnesota, in a recent case, seems pertinent in this connection: "The evidence, under the circumstances, should have been limited to those defects which caused, or reasonably might have conduced to producing, the defect existing at the place of casualty. * * * The only exceptions to this rule which now occur to us are where the other defects were shown to be the result of a cause presumptively operating at the place of casualty, or where such defects might have caused a defect which produced the injury. But there are no facts shown bringing this case within any such exception." *Morse* v. *Railway Co.*, 30 Minn. 465, 16 N. W. Rep. 358.

The evidence of plaintiff's witnesses as to the condition of track seems to refer to the same in both directions from the accident. No reason is attempted to be shown that would render material the condition of the track beyond the place of accident, in the direction the train was moving. It is barely possible that such reason might exist, and be found valid, if supported by appropriate evidence. An officer at West Point is said to have

struck the trunnion of a cannon repeatedly with equal blows of a hammer. At the hundredth blow, or thereabouts, the trunnion was broken; and it has been philosophically remarked that not the hundredth blow, but all the blows, did the breaking. In like manner it might be argued (and possibly proved) that, within certain limits, the fact of rough track in both directions from a broken rail, by causing undue swaying of the train, caused undue strain of the rail with every passing car, thereby shortening the life of the rail, and affixing to it a fatal but undiscoverable likelihood to break every next time. However, we shall not speculate upon the hypothetical effect of what we certainly do not judicially know, nor, as at present advised, otherwise know.

That portion of the charge to the jury which we think it necessary to examine in relation to the assignments of error is as follows:

"Experience proves that when the track and machinery are in perfect condition, and prudently operated, the trains will keep upon the track, and run thereon with entire safety to those on the cars,—the passengers on board.

"Whenever a car leaves the track, and goes down an embankment, as this car did, it proves that either the track or machinery, or some portion thereof, is not in proper condition, or that the machinery is not properly operated, and presumptively proves that the defendant, whose duty it is to keep the track and machinery in proper condition and to operate it with necessary prudence and care, have in some manner violated their duty to the plaintiff."

There is error in the first of the two paragraphs quoted, in that it assumes as judicial knowledge what is at best only a disputable conclusion of fact; disputable, certainly, unless we apply as the test of "perfect condition" and "prudent operation" the misleading but otherwise "barren ideality" of pronouncing no track "perfect" and no machinery "prudently operated" except after a passage safely made. Indeed, the very use of the word "perfect" in this connection, and unexplained, is objectionable, as likely to cause the jury to think that the law exacts of

railway corporations the duty of furnishing something better than a reasonably good track for the transportation of passengers,—a track, say, ideally good.  That superlatives in this behalf are at least unnecessary, see *Cunningham* v. *Hall,* 4 Allen, 268, where the court say :  "Reasonable care or skill is a relative phrase, and what this requires is always to be determined by consideration of the subject-matter to which it is applied;" holding that "reasonable care or skill" would require of a shipbuilder to use the same degree of care or skill as if he were in terms required to use the utmost possible skill.

The first paragraph quoted of the charge, and that portion of the second paragraph preceding the words, "and presumptively proves," affirm, taken together as they occur in the charge, propositions to the unmistakable effect that the happening of such accident is conclusive, instead of *prima facie,* proof of negligence. Should the remainder of the second paragraph, as quoted, be held to state a correct proposition of law, such would not cure this fatal error.  We are not aware of any authority holding that a jury may be expected to discover a lurking contradiction, and decide correctly, between different statements of the law.

The judgment of the court below is reversed, and a new trial ordered.

All the justices concurring.