Huber, Respondent, v. Chicago, M. & St. P. Ry. Co., Appellant.

### 1. Railroad Companies—Killing Stock—Evidence, Sufficiency.

In an action against a railroad company for killing a horse through alleged negligence, the undisputed evidence showed that the accident occurred at a place where there was a down grade; that the train was running from eighteen to twenty miles an hour; that the horse came upon the track from five to ten rods ahead of the engine; that the engineer immediately upon seeing the horse whistled and reversed the engine; that the brakes were applied and every thing done possible to prevent the accident; that the engine and cars were provided with the usual and necessary appliances for stopping them; that the employees in charge of the train were experienced and competent hands. It also appeared the horse was hobbled at

the time of the accident. · *Held,* the court ought to have directed a verdict in favor of the company.

**2. Same — Statute — Construction.**

By § 679, C. C. Pro., making the killing or injuring of stock by a railroad company *prima facie* evidence of negligence, it was the design of the legislature to create a presumption of law, not fact. Its only effect is to change the order of proof. It is merely a statute of procedure creating no new liability. Negligence in fact is as much the basis of recovery now as before, and if at the close of the case there is no evidence of negligence there can be no recovery.

(Argued May 21, 1888; reversed May 25, 1888; opinion filed Oct. 10, 1889.)

THIS is an appeal from the district court, Turner county ; Hon. C. S. PALMER, Judge.

The action was brought to recover the value of a horse alleged to have been killed by the negligent acts of the defendant, its agents or servants. Upon the trial the plaintiff recovered judgment and the defendant appealed.

*Burton Hanson* and *R. B. Tripp,* for appellant.

The undisputed evidence on the part of the defendant overcame the *prima facie* case of the plaintiff, and established as a matter of law that there had been no neglect of duty by the defendant. The court ought to have directed the verdict. Section 679, C. C. Pro., is merely a provision as to the order of the proof. No greater probative force now attaches upon the whole case from the fact of the killing than before. The purpose was not that the plaintiff might recover on less evidence, but from convenience and possession of the information, the order of its production was changed. It is a statute of procedure merely. The presumption is one of law by virtue of the statute, not of fact. Spalding v. Chicago & N. R. R. Co., 33 Wis. 582; Kentucky C. R. R. Co. v. Talbot, 7 Am. & E. R. R. C. 585; Grundy v. Louisville & N. R. R. Co., 2 S. W. Rep. 899.

Plaintiff could recover only in case of willfulness or gross negligence. Pierce, Railroads, 402 ; Rorer, Railroads, 1392 ; Maynard v. Boston & M. R. R. Co., 115 Mass. 458 ; Munger v. Tonawanda R. R. Co., 4 N. Y. 340 ; S. C., 5 Denio, 255 ; North P. R. R. Co. v. Rehman, 49 Pa. St. 101; I. N. C. & L. R. R. Co. v. Horter, 38 Ind. 558 ; Louisville & N. R. R. Co. v. Ballard, 2

Metc. (Ky.) 177; Price v. N. J. & T. R. R. Co., 32 N. J. L. 19; Atchison, T. & S. F. R. R. Co. v. Beets, 15 Pac. Rep. 821.

The only cause of complaint appears to be the omission to keep a lookout. It was not gross negligence to omit to watch the track. Wallace v. St. Louis, I. M. & S. R. R. Co., 74 Mo. 594. If it be admitted the duty of watchfulness existed, it is not shown that the want of it contributed to the injury.

*J. H. Warner*, for respondent.

The evidence was conflicting, so with the presumption arising from section 679, C. C. Pro., there was no error in the court's submitting the case to the jury. Mares v. N. P. Ry. Co., 21 N. W. Rep. 5; Kaples v. Orth, id. 633; Stoker v. City, id. 557; Carey v. N. P. Ry. Co., 21 id. 479.

SPENCER, J. (*After stating the facts as above.*) This action was brought to recover the value of a certain horse alleged to have been killed by and through the gross negligence of the defendant, its agents and servants.

Upon the trial, the plaintiff proved ownership of the horse; that he was killed in Hutchinson county, this territory, by being run over by defendant's engine and cars; and his value, and rested his case.

The defendant then proved, as a matter of defense, by the engineer, fireman, and brakeman who were in charge of the engine and train at the time the accident occurred, under averments in the answer proper for that purpose, that the accident occurred at a place where there was a down grade; that the train was moving at the rate of from eighteen to twenty miles an hour; that the horse came upon the track on the left side, about five to ten rods in advance of the moving train; that immediately upon seeing the horse the engine was reversed, the brakes applied, whistle blown, and every thing done that was possible to prevent the accident; that the engine and cars were provided with the usual and necessary appliances for running trains of cars, and stopping the same; and that the train hands in charge of such engine and train were experienced men in the business, and competent for the service in which they were engaged. It was also in proof that the horse was hobbled.

Some witnesses were sworn on behalf of the plaintiff in rebuttal, but nothing of consequence was elicited. The facts as testified to by the engineer, fireman, and brakeman were in no way contradicted, or attempted to be; nor was there any evidence tending to show that the engine and train were not properly equipped and managed, or that the accident could have been averted, or that the train could have been stopped, after the horse was first seen on the track, more expeditiously than it was.

This was the condition of the case at the close of the testimony, and thereupon the defendant's counsel moved the court to direct a verdict in favor of the defendant on the ground that the undisputed evidence, as matter of law, disproved any negligence on the part of the defendant, and that there was not any evidence of negligence sufficient to support a verdict against the defendant. The court denied the motion, and the defendant duly excepted. The plaintiff had a verdict, upon which judgment was rendered, and the defendant appealed.

Proof of the killing of the horse by the defendant was sufficient, had the case closed at that point, to have allowed the plaintiff to recover under section 679 of the Code of Civil Procedure. By said section it is provided, in substance, that the killing or damaging of any horses or stock by the cars or locomotives along a railroad shall be *prima facie* evidence of negligence by the railroad company.

We think the design and effect of this statute is to create a presumption in law of the defendant's negligence in the cases specified, but not a presumption of fact. It cannot be presumed that the legislature intended, by this enactment, to make railroad companies liable for negligence or carelessness in cases where all the evidence in the case, taken together, proves, as a matter of fact, that there was no negligence. The effect of the statute is merely to change the order of proof. By it the killing of an animal by a railroad company, in the absence of any other evidence, is sufficient to allow the plaintiff to recover. This compels the company, in the event it desires to escape liability, to prove care on its part; to submit its witnesses to cross-examination; to show to the court that though, by the statute, it is presumed to have been careless because of the injury having occurred, yet that in fact it has

not been guilty of any negligence. If, at the close of the case, it appears from the evidence that the defendant has not been guilty of carelessness; that the injury complained of was, in fact, not occasioned by the negligence or carelessness of the defendant,—there can be no recovery. If the evidence be conflicting; if there be any evidence that tends to prove that the act complained of was the result of negligence on the part of the defendant—then the question is for the jury. The law does not create any new liability. Negligence, in fact, is as much the basis of the right to recover, in such actions, since the enactment of the statute as it was before. Under it the plaintiff has, in the first instance, only to prove the injury, to enable him to recover. The defendant then, if it be able so to do, proves that it was not negligent; that the injury was not occasioned by its carelessness. Having done this, it becomes the duty of the plaintiff to produce evidence tending to prove the defendant was in fact guilty of the negligence complained of. If he fail to do this, he is not entitled to recover. The statute is one of procedure merely; placing upon the defendant, in the first instance, if it desires to avoid payment of the value of the animal killed or injured, the duty of showing that it exercised proper care in the running of its trains to avoid the injury; that the act complained of was not occasioned by its carelessness or negligence. This having been done, the case proceeds as though the statute did not exist, and the case is to be determined upon its merits, under the evidence as to whether the defendant was in fact negligent; and under such circumstances, if there be no evidence of negligence in fact, there can be no recovery.

In the case at bar, the plaintiff having proved the killing, and the defendant having showed that it exercised proper care and precautions to prevent the injury—that it was not negligent—and the plaintiff offering no evidence tending to prove that the horse was in fact killed by defendant's negligence, there was nothing for the jury to determine, and the motion of defendant should have been granted. The question here involved was passed upon by this court in the case of Volkman v. Railway Co., 5 Dak. 69, 37 N. W. Rep. 731, but we have deemed it proper to state somewhat more fully the grounds upon which our decision

proceeded.   Grundy v. Railway Co., 2 S. W. Rep. 899 ; Spaulding v. Railway Co., 33 Wis. 582; Railway Co. v. Talbot, 7 Am. & Eng. R. Cas. 585, — will be found, also, to sustain the view herein expressed.   The judgment appealed from must, therefore, be reversed, and a new trial ordered ; all the justices concurring.