## Smith v. Chicago, M. & St. P. Ry. Co.

1. A special finding of a jury that the negligence of the defendant which caused the damage to the plaintiff was the condition of its locomotive engine is within the allegations of the complaint, alleging that "the defendant carelessly and negligently ran an engine along its line of railway, which engine then and there was so negligently and insufficiently constructed and equipped, and then and there was so negligently and carelessly operated by the defendant, that it emitted and threw out large sparks of fire."

2. An allegation in plaintiff's complaint that the defendant's engine "was

so negligently, carelessly and insufficiently constructed and equipped" as to emit and throw out large sparks of fire properly included the condition of such engine for arresting sparks, whether its defects in that respect resulted from its original construction, or from defects caused by use, wear or injury to its parts.

3. Evidence tending to prove that a locomotive engine which caused a fire destroying plaintiff's property also set two other fires about the same time is not necessarily overcome by evidence that the engine was properly equipped with the best known appliances for arresting sparks, was in good condition, and managed by a competent and trustworthy engineer, as a matter of law. Such evidence tends to raise a conflict in the evidence as to the negligence of the defendant, which must be determined by the jury, and this court cannot say that the jury from such evidence, were not justified in finding that the engine was not in good condition.

4. Whether or not evidence tending to prove the setting of two other fires about the same time by the engine that caused the destruction of plaintiff's property is admissible as tending to prove negligence on the part of the defendant is a question of law, for the court; and an instruction by the court to the jury that such evidence is admissible for the purpose stated is proper, and the fact that this instruction is repeated in an instruction given upon request of plaintiff's counsel does not constitute error.

5. The burden of proving contributory negligence on the part of the plaintiff rests upon the defendant, unless the plaintiff, in making out his case, prove, or give evidence tending to prove, that he was guilty of such contributory negligence; and when there is no evidence upon the subject it is the duty of the court to assume that the plaintiff was not guilty of such contributory negligence, and so instruct the jury.

(Syllabus by the court. Opinion filed June 26, 1893.)

Appeal from circuit court, Bon Homme county. Hon. E. G. SMITH, Judge.

Action against the defendant railroad company for damages by fire to personal property, alleged to have been caused by defendant's negligence. Judgment for plaintiff. Defendant appeals. Affirmed.

*R. B. Tripp, (H. H. Field, of counsel,)* for appellant.

Where a party is found to have no cause of complaint under his pleadings, or facts are found that disaffirm his right of

recovery, the other party is entitled to judgment. 3 Bl. Com. 393; Kierle v. Shriver. 11 Gill. & J. 405; Young v. Bragg, 18 Minn. 121; 1 Black Judg. § 103. It was error under the pleadings and evidence to take the issue of contributory negligence from the jury. Williams v. Railroad, 14 N. W. 98.

*French & Orvis*, for respondent.

The fact that the engine of defendant set the fire which caused the damage complained of, makes a *prima facie* case of negligence that throws the burden on defendant to prove no negligence on his part contributing to the iujury. Kelsey v. Railroad, 1 S. D. 80; White v. Railroad, 1 S. D. 326. A railroad company is liable for failure to exercise the care of a prudent man to extinguish a fire caused by sparks from its engine. Railroad v. Platzer, 3 L. R. A. 639; Rolke v. Railroad, 26 Wis. 538; Erd v. Id., 41 Wis. 66; Bass v. Id., 28 Ill. 9; Toledo v: Wand, 48 Ind. 476; Greenfield v. Railroad, 49 N. W. 85; Railroad v. Westover, 4 Neb. 268.

The mere fact that the engine was properly equipped, does not rebut the presumption of negligence from the fact that the fire was started from the engine. Slosson v. Railroad, 14 N. W 244; Laming v. Railroad, 68 Ia. 502; Railroad v. Kincaid, 29 Kan. 645; Id. v. Campbell, 16 Kan. 200; Id. v. Sanford, 12 Kan. 354; Huyett v. Railroad, 23 Pa. St. 373; Haseltine v. Railroad, 6 N. E. 897.

CORSON, J. This was an action to recover damages alleged to have been sustained by the plaintiff through the negligence of the defendant, in permitting sparks to escape from its engine used on the line of its railway, whereby a quantity of hay belonging to the plaintiff was destroyed. Verdict and judgment for plaintiff. Defendant appeals.

1. The first question presented is as to the effect of certain special findings of the jury, made in connection with their general verdict, which are as follows: "Special: (1) Did the fire that destroyed plaintiff's hay start from sparks emitted by defendant's engine? Answer. Yes. (2) If your answer to

the last question be 'Yes' were the sparks emitted through the
negligence of the defendant? A. Yes. (3) Was the plain-
tiff's loss due to the negligence of the defendant? A. Yes.
(4) If your answer to the last two questions be 'yes,' in what
did the negligence consist? First. Was it in the construction
of the engine? Second. In its condition or equipment? Third.
Its operation? A. In its condition." The learned counsel for
the appellant contends that "the defendant is charged with be-
ing negligent in respect to the construction, equipment and op-
eration of the engine. The jury specially find that the defend-
ant was not negligent in any one of these respects, but that it
was negligent in regard to the condition of the engine. * * *
They were directed by the court, upon the enumeration of all
of the kinds of negligence alleged, together with another not
alleged, to state in what the negligence consisted, and they say
it was in one of the particulars of this enumeration only. This
necessarily excludes the others, and is a special finding by them
that the defendant was not negligent in any of the others enu-
merated. This being so, on reference to the complaint and
findings it will be seen the defendant was acquitted of all neg-
ligence charged in the complaint." The allegation of the com-
plaint upon the subject of the negligence complained of is
"that on said date the defendant carelessly and negligently ran
a locomotive engine along said line of railway, which engine
was then and there so negligently and insufficiently constructed
and equipped, and then and there was so carelessly and negli-
gently operated by the defendant, that it emitted and threw out
large sparks of fire," etc. The learned court below evidently con-
strued the term "condition," in the findings, as applied to the
engine, as embraced in the allegations of the complaint. While
strictly speaking, "equipped" has reference to the appliances
to make the engine effective for the purposes for which it is in-
tended, and "condition" has reference to the state these appli-
ances are in for accomplishing the purposes intended, yet in
common language this distinction is not usually observed, in

speaking of a locomotive engine. It would doubtless be difficult for ordinary minds to comprehend the distinction between an engine not properly equipped for arresting sparks and one not in condition to arrest them. If properly equipped—that is, supplied with whatever may be necessary to efficient action,—it would be, under ordinary circumstances, in condition to arrest sparks. If not in such condition it would not be properly equipped to accomplish the purposes designed. We are of the opinion, therefore, that the court committed no error in holding that the finding substantially corresponded with the complaint. More especially is this so in this case, as the defendant tried the cause in the court below upon the theory that the condition of the engine was in issue, as fully appears from an examination of the testimony on the part of the defendant. Mr. Whitney, the engineer who ran the engine at the time of the fire, after testifying as to the manner of the construction of the engine, and its appliances for arresting sparks, etc., was asked: "You observed the condition of the engine at that time, did you? Yes, sir. What was its condition at that time? It was O. K. What do you mean by that? It was in good condition." The fireman and other witnesses were asked similar questions by counsel for defendant. We think it is too late, therefore, to make the point that the findings did not substantially conform to the pleadings, and we are of the opinion that by a fair construction of the complaint the allegation that the defendant's engine "was so negligently, carelessly, and insufficiently constructed and equipped" did necessarily include its condition for arresting sparks, whether its defects in that respect resulted from its original construction, or from defects caused by use, wear or injury to its parts. In either case it would not be properly equipped for the purpose for which it was intended. This finding then established the fact that defendant's engine was not in proper condition for arresting sparks.

2. It is further contended, however, by counsel for the appellant, that this finding of the jury is not supported by the

evidence, and ought to have been set aside by the trial court, as the evidence on the part of the defendant established the fact that the engine was properly equipped, in good condition at the time of the fire, and managed by a competent and trust-worthy engineer, and therefore completely overcome the presumption of negligence from the fact that defendant's engine caused the fire, as held by this court in Kelsey v. Railway Co., 45 N. W. Rep. 204. But in this contention we think the counsel for appellant have not given sufficient consideration to the evidence on the part of the plaintiff in addition to the presumption of negligence caused by the fire. If the plaintiff had given no evidence of negligence, but relied solely on the presumption, the counsel's contention would have undoubtedly been correct, as this court so held in the case of Cronk v. Railway Co. 52 N. W. Rep. 420, following the case of Volkman v. Railway Co. 5 Dak. 69, 37 N. W. Rep. 731; Pattee v. Railway Co., 5 Dak. 267, 38 N. W. Rep. 435; Huber v. Same, 6 Dak. 392, 43 N. W. Rep. 819. The evidence on the part of the plaintiff that the same engine set two other fires at about the same time, and within about one-half mile of the first fire, was important, as showing that the engine was not in a proper condition to prevent the emission of sparks. This evidence on the part of the plaintiff was not controverted, but it was sought, not only to rebut the presumption we have alluded to, but the evidence on the part of the plaintiff that the same engine set two other fires about the same time, by proof that the engine was properly equipped, in good condition, and operated by a competent and careful engineer. There was therefore conflicting evidence on the question of negligence, to be determined by a jury, as a question of fact, and not one of law, for the court. The case of Railroad Co. v. Hotham, 22 Kan. 41, was a very similar case to the one at bar. In that case the plaintiff was not aided by the presumption of negligence on the part of the defendant upon proof that the engine caused the fire, but the burden was upon the plaintiff in that state to prove the negligence of the defendant.

This the plaintiff sought to do by proving that the engine that caused the fire also caused two other fires the same day. "The evidence showed, and the jury found, that the engine from which the sparks escaped which caused the fire was a first-class engine, in good order and good condition, and supplied with all the most approved appliances for preventing the escape of sparks of fire. The engineer who had charge of the engine at the time the fire was produced, was also a careful, competent, and trustworthy engineer." Opinion of the court, (p. 48.) But the jury found, notwithstanding this proof, that the engine was mismanaged, and found for the plaintiff. In delivering the opinion Mr. Justice VALENTINE says: "The law does not attempt to define what particular facts or conduct shall constitute negligence, or prove negligence. It, at most, can only say that negligence is the absence of care, and leaves the question for the jury to determine whether, under all the circumstances, due care has been exercised or not. Of course, it is the province of the court to determine whether the evidence offered or introduced tends to prove or disprove negligence. And if no evidence is offered or introduced, tending to prove negligence, the court may itself decide that no negligence is proved, and direct the jury to find accordingly. And where evidence is introduced, proving negligence beyond all controversy, and no countervailing evidence is introduced, the court may generally say that the negligence is proved. * * * And when all the evidence offered is introduced, then, unless there is no evidence introduced to prove negligence, or unless the evidence introduced is all one way, and proves negligence beyond all controversy, the question whether negligence is proved or not is a question for the jury, and not a question of law, for the court. In all cases where the facts constituting or tending to prove or disprove the negligence are disputed, the question whether such supposed negligence has any existence or not is a question of fact, for the jury. And even where there is no dispute about the facts, in their details, still, if they are stated

or proved in such limitless, cumbrous, or diffusive detail that different minds, of reasonable capacity, might honestly differ with respect to whether they in fact constitute or prove legli-gence, or not, the question as to whether they do in fact con-stitute or prove negligence, or not, must be submitted to the jury, as a question of fact." The case of Railroad Co. v. Mc-Cahill, 56 Ill. 28, is also instructive upon this question. In Ill-inois the statute made the fact that the fire was occasioned by the engine *prima facie* evidence of negligence on the part of the company, and of its agents and servants in charge at the time. In that case the plaintiff proved, in addition to the *prima facie* case made by the statute, that the engine on the day of the fire threw out an unusual amount of sparks. This evidence was held to be sufficient to warrant a jury in finding that the engine was not in a suitable condition to run at the time. In that case the court says: "In opposition to all the evidence offered by the company, there is the unimpeached testimony of witnesses that the engine, as it passed through the village on the day the fire occurred, through out unusual quantities of fire, and that it did actually occasion the fire that consumed the property of appellee. Intelligent witnesses, and men of large experience, sworn on behalf of the company, concede the fact that, if it be true that the engine did emit such a unusual volume of fire as stated by the witnesses, it must necessarily have been out of repair at the time. Whether this engine was ever equipped with the best mechanical contrivances to prevent the emission of fire sparks does not very clearly appear; but, if it be ad-mitted that it was originally so constructed, the actual results of what the engine did, in throwing out and emitting fire sparks as it passed along through the village on the day the fire oc-curred, are sufficient to overcome any direct evidence appear-ing in this record that it was in good order, or if in good order, it must have been most unskilfully managed by the engineer. We are of the opinion that the verdict is not against the weight of the evidence, and the jury were fully authorized to find as

they did." See, also, Huber v. Railroad Co., 6 Dak. 392, 43 N. W. Rep. 819. So, in the case at bar, this court cannot say, as a matter of law, that the jury was not fully justified in finding that the defendant was guilty of negligence in using an engine in such a condition, or so equipped, as to throw out sparks of fire sufficient size to set three fires within the limits of about one-half mile upon the line of defendant's railway, notwithstanding the positive testimony of defendant's witnesses as to the good condition of the engine; that it was equipped with the best known appliances for arresting sparks, and was at the time managed by a competent and trustworthy engineer. It was a question of fact for the jury.

3. It is further contended by the counsel for the appellant that the court erred in calling the jury's attention to the fact of the other two fires. We are unable to discover any error in this, as the question of whether or not the fact that the engine set two other fires about the same time constituted competent evidence tending to prove that the engine was in a bad condition, or was improperly equipped, was a question of law, and it was the duty of the court to charge the jury upon the subject. It may be that the court would have been justified in refusing to give the plaintiff's instructions upon the ground that it had instructed the jury upon the subject in his general charge, but that was a matter in the discretion of the court; and the fact that the court speaks of it in its general charge, and also gives a special instruction on the same subject, not inconsistent with his general charge, constitutes no ground of error.

4. The counsel for the appellant further contends the court erred in refusing to give the following instruction which the defendant requested the court to give: "If you should believe from the evidence in this case that the plaintiff's hay was destroyed by a fire negligently set out from, or started by, one of the defendant's engines, you would not be justified in returning a verdict for him, if you should find he had not properly guarded

or cared for his hay, as against fire, and that by reason thereof the fire so set or started destroyed the hay. Refused." It is contended by counsel for the appellant that as the plaintiff alleged in his complaint that he "was not guilty of any negligence which in any way contributed to the loss of the hay," and this allegation was denied by the general denial in the answer, it was therefore an issue in the case, and that the court erred, not only in omitting to call the jury's attention to this issue, but also in refusing to give the instruction asked for by the defendant, above set out. This presents the important question as to the party upon whom is imposed the burden of proof as to the contributory negligence, or absence of contributory negligence. Must the plaintiff prove that he was not chargeable with negligence contributory to the injury? Or must the defendant prove such contributory negligence on the part of the plaintiff as a defense to the action? The courts of the several states are divided upon this question, some of the state courts holding that the burden of proving affirmatively that the plaintiff was not guilty of contributory negligence is. upon the plaintiff, and others holding that the burden is upon the defendant to prove such contributory negligence. The supreme court of the United States holds with the latter courts. Railroad Co. v. Gladmon, 15 Wall. 401; Hough v. Railroad Co., 100 U. S. 213. We are of the opinion that the rule requiring the defendant to prove contributory negligence on the part of the plaintiff, unless the evidence of the plaintiff discloses such contributory negligence on his part, is the better rule, and is supported by the greater weight of authority. The reasons advanced in support of the respective positions are clearly stated by the supreme court of Wisconsin in Hoyt v. City of Hudson, 41 Wis. 105, and the conclusions reached by that court are thus stated: "It seems to us that the reasons in favor of the rule which casts the burden of proof in such cases upon the defendant are the stronger and better reasons, and that such rule rests upon sound legal principles, and ought to prevail in this

state. We therefore hold that, in the absence of any evidence tending to show that the plaintiff was chargeable with negligence contributing to the injury of which he complains, the presumption of law is that he was free from such negligence, and the burden was upon the defendant to prove such contributory fault, if the same was relied upon as a defense. The rule here adopted does not apply to a case in which the proofs on behalf of the plaintiff show, or tend to show, his contributory negligence. If such negligence conclusively appears, the court will nonsuit the plaintiff, or direct the jury to find for the defendant. If the evidence only tends to show such contributory negligence, the question must go to the jury, to be determined, like any other question of fact, upon a preponderance of evidence." This decision is important, as, to reach the conclusions announced by the court, it was necessary to overrule two prior decisions of that court. See, also, the able opinion of Judge DUER in Johnson v. Railroad Co., 5 Duer, 21. We have not deemed it necessary to cite the large number of cases reported on this question, as they are either cited by counsel for respondent, or are collected in Shear. & R. Neg., (4th Ed.) in notes to Sections 107–109. The late territorial court, in the early case of Sanders v. Reister, 1 Dak. 151, 46 N. W. Rep. 680, took a similar view of the law, following the rule laid down in Railroad Co. v. Gladmon. In delivering the opinion, Mr. Justice BENNETT says: "The decisions in the different states are very conflicting on this point, but so far as this court is concerned it is effectually set at rest by the case of Railroad Co. v. Gladmon, 15 Wall. 401. In that case Mr. Justice HUNT, in delivering the unanimous opinion of the court, says: "The plaintiff may establish the negligence of the defendant, his own injury in consequence thereof, and his case is made out. If there are circumstances which convict him of concurring negligence, the defendant must prove them, and thus defeat the action. Irrespective of statute law on the subject, the burden of proof

on that point does not rest upon the plaintiff." After a careful examination of all the authorities, the same rule is laid down as the better law by Shearman & Redfield, (Section 44,) and by Wharton, (Section 423.) and I deem it unnecessary to elaborate the point further." See, also, Mares v. Railroad Co., 3 Dak. 336, 21 N. W. Rep. 5. The allegation in plaintiff's complaint that the plaintiff "was not guilty of any neglect which in any way contributed to the loss" was surplusage, and its denial raised no material issue that plaintiff was required to prove. Unless, therefore, the evidence of the plaintiff tended to establish contributory negligence, or the defendant gave evidence tending to establish it, there was no issue upon that question to be submitted to the jury. An examination of the evidence discloses no such testimony. The evidence of the plaintiff tended to prove that his hay was stacked 60 rods or more away from the line of the railway, and that, within a few minutes after the fire started near the right of way of the railway company, it reached his stacks of hay, and consumed them. The only proof on the subject by defendant was that there were no fire guards around the hay. But there was no evidence to prove that fire guards were usual or necessary, or that the hay was not protected in the usual manner in that section of country. In the absence, therefore, of any evidence upon the subject, it would be the duty of the court to assume that the plaintiff was not guilty of contributory negligence. In the case in 22 Kan., *supra,* "the court charged the jury, among other things, that the plaintiff could not recover for any injury to his hay unless the jury were satisfied, by affirmative evidence, that the said plaintiff was in the exercise of ordinary care and caution on his part to prevent such injury." Mr. Justice VALENTINE, in delivering the opinion of the court, says: "Now, this instruction was entirely too favorable to the defendant, and was erroneous, as against the plaintiff. In the absence of evidence tending to show either that the plaintiff was negligent, or not negligent, the court should have instructed the jury to find, and the·

jury should have found, that he was not negligent;" citing Rail-road Co. v. Pointer, 14 Kan. 38. In the case at bar the court instructed the jury that if they found a certain state of facts to exist they should find for the plaintiff, "provided the plaintiff was not guilty of negligence in relation to said fire, and made reasonable efforts to put out out the same, and save his property." We think this instruction was as favorable to the defendant as the facts in the case would justify, as there were apparently no facts requiring the question of contributory negligence to be submitted to the jury in the case. We find no error in the record, and we are of the opinion the judgment of the court below should be affirmed, and it is so ordered. All the judges concurring.