PETER DOYSCHER *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY
COMPANY.

June 9, 1890.

**Railway—Fire Set by Engine—Evidence.—**Finding that a locomotive
was in a defective condition, so as to permit fire to escape, *held* sustained by the evidence.

Appeal by defendant from an order of the district court for Jackson county, refusing a new trial after verdict of $90 for plaintiff.

*Andrew C. Dunn,* for appellant.

*T. J. Knox,* for respondent.

DICKINSON, J.    This is an action to recover for property destroyed
by fire set from one of the defendant's locomotives.    The plaintiff
recovered a verdict, and a new trial was refused by the district court.
The principal question presented on this appeal is whether the
special finding of the jury, that this engine was not properly constructed and equipped so as to prevent the escape of fire, was sustained by the evidence.    The defendant's point, that this was not
an issue in the case, is not sustained.    We deem it to have been
fairly within the allegations of the complaint; and, more than that,
it appears from the case to have been treated by the parties at
the trial as a matter in issue.    Upon this point, it must be conceded that a strong case was made on the part of the defendant,
and that, if it had not been met by any opposing proof bearing upon
the question, the statutory presumption of negligence would have
yielded to the case thus made.    We need not refer to the defendant's evidence, except to say that it went to show that the engine
was in good condition; that the wire netting on the smoke-stack
was like a piece of netting which was exhibited to the jury, and the
meshes of which, a witness stated, were three-sixteenths of an inch
across; and that this was the standard netting commonly used for
such purposes.    The ash-pan was provided with netting also, in addition to the ordinary dampers.    The fuel used was soft coal.    The
fire started at a point 86 feet from the track.    It would seem, from

the evidence of the plaintiff's witness Dunn, and of the defendant's section foreman, that the place where it started was apparent, or was accurately ascertained; and the latter measured the distance. Dunn testified, in substance, that, at that point where the fire started, he found a coal cinder, which, according to his estimate of its size, given to the jury, was so large that it could not have passed through the netting with which, according to the defendant's evidence, the smoke-stack was covered, if it was in good condition. That the fire was set by a coal or spark thrown from the engine is beyond dispute. While the reading of the evidence of this witness does not satisfy us that it was entitled to very great weight, yet the credibility of the witness and the effect of the evidence, in view of the interest which the defendant's witnesses may be deemed to have had in testifying as to the condition of the engine, were so far matters for the consideration and judgment of the jury that, in the opinion of the majority of the court, the verdict, sanctioned by the refusal of the trial court to disturb it, ought not to be set aside by us. The alleged defect in the plaintiff's case in chief was supplied by the defendant, and cannot now avail the latter. *Cole* v. *Curtis*, 16 Minn. 161, (182.)

Order affirmed.