(53 N. W. Rep. 77.)

---

FRED. H. SMITH *vs.* NORTHERN PACIFIC RAILROAD COMPANY.

Opinion filed Aug. 26th, 1892.

**Removal of Causes Amount in Controversy—Allegations of Complaint.**

> The amount demanded in the complaint, in an action for damages caused by negligence, controls in determining whether the matter in dispute exceeds the sum or value of $2,000, exclusive of costs and interest, on application to remove the cause to the Federal Court on the ground of diverse citizenship, although the value of the property destroyed by the negligence is alleged in the complaint to be greater than $2,000.

**Notice of Trial—Sufficiency.**

> When the notice of trial contains an error in the date of the commencement of the term, the month and year being stated correctly, the notice is sufficient, as a litigant is bound to know when terms of court are held, and is therefore apprised of the mistake in the notice and of the true date intended to be specified therein.

**Additional Terms of Court.**

> Under chapter 79, § 10, Laws 1891, the same business can be transacted at an additional term of court called by the judge as at the terms fixed by the statute. New cases can be noticed for such term and placed on the calendar thereof, and tried thereat.

**Sparks from Locomotive—Presumption of Negligence.**

> The presumption of negligence from the setting out of a single fire by an engine is one of law, and whether such presumption has been fully met and overthrown is in the first instance a question for the court. Evidence examined, and *held* sufficient to overthrow the presumption in this case.

**Question of Negligence for the Jury.**

> The mere fact that the fire was started 118 feet from the track is not sufficient in itself to warrant submission of the question of negligence to the jury.

Appeal from District Court, La Moure County; *Rose*, J.

Action by Fred. H. Smith against the Northern Pacific Railroad

N. D. R.—2.

Company, for damages caused by a prairie fire set by one of defendant's locomotives. Judgment for plaintiff. Defentant appeals. Reversed.

*W. F. Ball* and *J. S. Watson*, (*John C. Bullitt, Jr.*, of counsel,) for appellant.

Section 5097, Comp. Laws of N. D., is identical with § 580, Code of Civil Procedure of California. Under this section it has been held that if there is an answer, the court may disregard the prayer in the complaint and give the plaintiff suitable relief. *Truebody* v. *Jacobson*, 2 Cal. 283; *N. C. & S. C. Co.* v. *Kidd*, 37 Cal. 301; *Cassacia* v. *Phœnix Co.*, 28 Cal. 628. Until it is in some way shown by the record that the sum demanded is not the matter in dispute, that sum will govern in all questions of jurisdiction; but when it is shown that the sum demanded is not the real matter in dispute, the sum shown and not the sum demand, will prevail. *Hilton* v. *Dickinson*, 108 U. S. 165; *Wilson* v. *Daniel*, 3 Dall. 401; *Elgin* v. *Marshall*, 106 U. S. 578; *Platt* v. *Phœnix Co.*, 37 Fed. Rep. 730; *Hullscamp* v. *Teel*, 2 Dallas 358; *Gordon* v. *Longist*, 16 Pet. 97; *Barry* v. *Edmonds*, 116 U. S. 550. The presumption of negligence cast upon defendant by proof that it set out the fire, is a presumption of law and not of fact. In *Johnson* v. *N. P. R. R. Co.*, 1 N. D. 354; S. C., 48 N. W. Rep. 227; it is said that proof of the setting out of fire creates a disputable presumption of negligence. This decision established the same rule with respect to imputed negligence in fire cases as already existed by force of statute in stock-killing cases. Section 5501, Comp Laws. This section of statute construed in, *Volkman* v. *C., St. P., M. & O. R. R. Co.*, 5 Dak. 69; S. C., 37 N. W. Rep. 731; *Knapp* v. *Bank*, 5 Dak. 378; S. C., 40 N. W. Rep. 587; *Gay* v. *R. R.*, 5 Dak. 514; S. C., 41 N. W. Rep. 757; *Huber* v. *C. M. & St. P. R. Co.*, 6 Dak. 392; *Pattee* v. *C. M. & St. P. R. R. Co.*, 5 Dak. 267; S. C.; 38 N. W. Rep. 435. It is a question for the court to determine when this *prima facie* evidence is overcome. *Railroad Co.* v. *Wamscott*, 3 Bush. 149; *Railroad Co.* v. *Talbot*, 78 Ky. 621; *Railroad* v. *Packwood*, 7 A. & E. R. R. C. 584; where the rebutting testimony is as broad

as the negligence alleged and in all points refutes it, it is for the trial court to pass upon the question and withdraw it from the consideration of the jury. *R. R.* v. *Reese*, 85 Ala. 497; *Telley* v. *R. R.*, 49 Ark. 535; *R. R.* v. *Quantance*, 58 Ill. 389; *R. R.* v. *Clampit*, 63 Ill. 95; *R. R.* v. *Campbell*, 86 Ill. 443; *R. R.* v. *Goyette*, 133 Ill. 121; *Railroad* v. *Gibson*, 42 Kan. 34; *R. R.* v. *Brinkman*, 64 Md. 52; *Hoffman* v. *Railroad*, 43 Minn. 334; *Wise* v. *Railroad*, 85 Mo. 178; *Railroad* v. *Westover*, 4 Neb. 68; *Searles* v. *Railroad*, 101 N. Y. 662; *Cleveland* v. *Railroad*, 42 Vt. 449; *Spaulding* v. *Railroad*, 30 Wis. 110; *Contra. Ganda* v. *Chicago, etc., R. Co.*, 30 Ia. 20; *Babcock* v. *R. R. Co.*, 17 N. W. Rep. 909; S. C., 13 N. W. Rep. 740; 28 N. W. Rep. 644. If sparks escape without negligence and inflict damage, the result must be borne by the party suffering the loss. *Pelke* v. *R. R. Co.*, 5 Dak. 444; *White* v. *R. R. Co.*, (S. D.) 47 N. W. Rep. 146; *Gram* v. *R. R. Co.*, 1 N. D. 252; *Johnson* v. *R. R. Co.*, 1 N. D. 354. Accident must be shown to have happened by defendant's negligence in order that it be held. The Nellie Flagg, 23 Fed. Rep. 671; Cooley on Torts, 670; *Rudolph* v. *Fuchs*, 44 How. Pr. 155; *Houfe* v. *Fulton*, 29 Wis. 296; *Fernandez* v. *R. R. Co.*, 52 Cal. 45; *Garrett* v. *Railroad*, 77 Am. Dec. 423; *Gagg* v. *Vetter*, 13 Am. Rep. 322; *Baulec* v. *Railroad,*, 59 N. Y. 356; *Commissioners* v. *Clark*, 4 Otto 278. The presumption of negligence arising from proof of setting out of fire having been overcome by evidence, showing that the most approved appliances for preventing the escape of sparks were in use, that they were in good order and the engine carefully managed and operated by competent servants, the plaintiff cannot recover unless he then proves other acts of negligence which caused the fire to escape. *Wise* v. *Joplin*, 85 Mo. 178; *Railroad Co.* v. *Pennell*, 110 Ill. 437; 1 Thomp. on Neg. 155, *Montgomery* v. *Muskegon*, 50 N. W. Rep. 729.

*Samuel L. Glaspel*, for respondent.

The defendant by not returning the notice of trial and not making prompt objection thereto and not being. misled thereby, waived any defects therein, Waits N. Y. Code, 448, note d; *Ins.*

*Co.* v. *Kelsey,* 13 How. Pr. 535; *Silliman* v. *Clark,* 2 How. Pr. 160; *Bander* v. *Covill,* 4 Cow. 60. The presumption of negligence on one side and the rebutting evidence on the other produces a conflict and therefore an issue for the jury, *Babcock* v. *R. R. Co.* 17 N. W. Rep. 909; *Dunning* v. *Bond* 38 Fed. Rep. 813; *Hoorer* v. *Ry. Co.* 16 S. W. Rep. 480; *Ry. Co.* v. *Bartlett,* 16 S. W. Rep. 638. Proof that a cinder was thrown 118 feet from the track, was evidence for the jury from which they might infer negligence. *Greenfield* v. *Ry. Co.* 49 N. W. Rep. 95; to same effect, *Ry. Co.* v. *McClelland,* 42 Ill. 355; *Doyscher* v. *Ry. Co.* 45 N. W. Rep. 719; *Ry. Co.* v. *Boss,* 41 Fed. Rep. 917.

CORLISS, C. J. The plaintiff and respondent has recovered. judgment for damages occasioned by a prairie fire set out by one of defendant's locomotives. Before coming to the merits we, have several questions to dispose of. In due time the defendant presented to the District Court of the state its petition for removal of the cause to the Federal Circuit Court. The denial of this application for removal is assigned as error. The only point here involved is whether the matter in dispute in this case at the time of filing this petition exceeded, exclusive of interest and costs, the sum or value of $2,000. If not, the trial court was right in refusing to grant the prayer of the petition. If, on the other hand, it did exceed $2,000, the trial court had no jurisdiction, after the filing of the petition, to proceed further with the cause, and the judgment is void. We are satisfied we must sustain the action of the trial court in this behalf. While it is true that it is stated in the complaint that the value of the property destroyed by the fire was over $2,000, the plaintiff expressly limited his demand to that sum. This demand governs in actions of this character. Of course it might not control when in excess of the alleged value of the property destroyed. But the injured party may, if he sees fit, waive his right to recover full damages, and in that case the litigation involves only the amount which he seeks to recover. We cite, as sustaining our ruling on this point, Fost. Fed. Pr. § 16 and cases cited: Desty, Rem. Causes, p. 246,

§ 10; Dill. Rem. Causes, c. 16; *De Camp* v. *Miller*, 44 N. J. Law, 617-620.

It is next urged that the court erred in proceeding with the trial of the case against the objections of the defendant, because, it is insisted, the notice of trial was insufficient.    The notice stated that the issues would be tried at LaMoure, in the County of LaMoure, on the 1st day of September, 1891.    As a matter of fact the term did not commence on that day, nor until September 15th, 1891.    The term fixed by the statute would have commenced on the 4th Tuesday of October.    Chapter 79, Laws 1891, § 4.    But a term had been called by the district judge for September 15th, and it was at this term that plaintiff moved the cause for trial. The objection is devoid of merit.    The only object of a notice of trial is to give the party on whom it is served a chance to prepare for trial.    A notice of trial, erroneous as to the day of trial, is nevertheless sufficient, if such notice, when read in the light of other information which the law gives, truly informs the party as to the time and place of trial.    The defendant could not have failed to understand that the purpose of the plaintiff was to insist on a trial of this cause at the next ensuing term to be held in LaMoure county.    As the time of the holding of such a term was fixed by the call of the district judge, the defendant, in common with all others interested in the matter, had notice that a term would commence September 15th, and not September 1st, as stated in the notice of trial, and was therefore aware that the date in the notice was an error, and was bound to know what the correct date was.    We are clear that the trial court was right in over-ruling the point.    See *Insurance Co.* v. *Kelsey*, 13 How. Pr. 535.    Where an error in the date of a notice of trial occurs, it cannot mislead the opposing party, as the date of the commencement of the term is a matter of which he is bound to inform himself, and a comparison of that date with the date specified in the notice of trial will always disclose the error.

The point is made that at a term called by the district judge under the statute no new business can be taken up, and no new

cases placed on the calendar and tried. We think there is nothing in this point. The judge is authorizcd to call additional terms of court. Chapter 79, Laws 1891, § 10. There is nothing in the statute to limit the nature of the business to be transacted at such terms. They are as much terms of court as those fixed by the statute itself.

We now come to the merits of this litigation. Plaintiff had judgment below. It is contended by the defendant that although there is sufficient evidence to support the finding of the jury that sparks from defendant's engine set the fire which destroyed plaintiff's property, yet that, on the whole case, there was no question of negligence to submit to the jury. There was only one fire set out. We have already held that this fact raises a disputable presumption of negligence. *Johnson* v. *Railroad Co.*, 1 N. D. 354; (48 N. W. Rep. 227.) Whether such a presumption has been fully met and overthrown by the defendant's evidence is, we think, in the first instance, a question of law. We do not think that an inference of negligence naturally arises from the mere fact that a single fire has been started by a passing engine. That locomotives in operation do emit sparks which set fires is a matter of common knowledge. The inference that the fire was accidently started is certainly as strong as the inference of negligence in the origin of the fire. But to prevent a denial of justice some of the courts have created an artificial presumption of negligence, to the end that the defendant may be compelled to produce the witnesses who are familiar with the facts on which the issue of negligence depends, that they may be subjected to full and searching cross-examination on all the phases of the case,— on all the possible grounds of negligence. Some courts have refused to go so far. To extend this presumption of negligence beyond the reason for its existence would be irrational. It summons defendant to show that there was no negligence; and the evidence must fully meet every possible ground of negligence under the circumstances and the pleadings. But when the whole case, independently of this artificial presumption, shows that there

was no negligence, the presumption cannot be considered for the purpose of making an issue for the jury. It has fully served its purpose, and can have no other effect. We therefore establish it as the rule in this state that the court must, in the first instance, determine the question whether the inference of negligence arising from the mere setting out of a single fire has been fully overthrown. We cite the following cases, out of a large number, as sustaining our view: *Spaulding* v. *Railroad Co.*, 30 Wis. 110, 33 Wis. 582; *Volkman* v. *Railroad Co.*, 5 Dak. 69, 37 N. W. Rep. 731; *Huber* v. *Railroad Co.*, 6 Dak. 392; 43 N. W. Rep. 819; *Koontz* v. *Railroad Co.*, (Or.) 23 Pac. Rep. 820; *Kelsey* v. *Railroad Co.*, (S. D.) 45 N. W. Rep. 204; *Railroad Co.* v. *Talbot,* 78 Ky. 621; *Railroad Co.* v. *Packwood,* 7 Am. & Eng. R. Cas. 584; *Railroad Co.* v. *Reese,* 85 Ala. 497; 5 South Rep. 283. It remains to be seen whether defendant overthrew the presumption of negligence, and, if so, whether there were facts in addition to the mere starting of the fire tending to show negligence on the part of the defendant. After a careful review of the evidence we are convinced that defendant, by its evidence, did all that was incumbent on it,—*i. e.*, disproved that it was negligent in respect to the condition of the engine and the manner of operating it. We will not incumber this opinion with a statement of the evidence. Cases of this kind are of little value as precedents, for the facts differ so in different cases. The language of the court in *Hoffman* v *Railroad Co.*, (Minn.) 45 N. W. Rep. 608; that a jury is not bound to accept as conclusive the statements of a witness that an engine was in good order and carefully operated, although there is no direct evidence to the contrary, must be read in the light of the facts of that case. There the testimony as to inspection was not satisfactory to the court, not because the connection of the witness with the defendant was regarded as affecting their credibility, but because the evidence as to inspection left a suspicion that proof of an inspection made at a time nearer to the time of the setting out of the fire would have disclosed some defect. It is apparent that if the testimony of the railroad employes is to be

regarded as insufficient to disprove negligence, because of the relation they sustain to the defendant to the litigation, then in every case the question of negligence must be left to the jury, although there is nothing to support a finding of negligence, save an arbitrary presumption, not founded in reason, and adopted merely to compel a full disclosure by the railroad of all the facts surrounding the case.

We think the presumption was fully met, and it only remains to be considered whether there was any evidence tending to show negligence. After this presumption was overthrown, all that seems to be urged as supporting the claim of negligence is the fact that the fire started 118 feet from the track. But there is no evidence that this is an unusual occurrence, or that it is at all inconsistent with the exercise of due care. We cannot say that the mere fact that a fire was set that distance from the track indicates negligence in any respect. The wind was blowing very hard, and we cannot say, in the absence of testimony to that effect, that a spark, which, without fault on the part of the defendant, might have escaped through the meshes of the wire netting, could not have been carried 118 feet from the track, and set a fire, as well as 50 feet, and set a fire. The time consumed in the flight of a spark 118 feet through the air must, with a high wind blowing, be scarcely appreciable. There is nothing in the evidence to show that it would require an unusually large spark to live through such a flight, and start a fire. We have examined many cases, but, as each case depends upon its own peculiar facts, it would be useless to cite them. We will, however, refer to one which is confidently relied on as an authority. It is *Greenfield* v. *Railroad Co.*, 49 N. W. Rep. 95,—an Iowa case. The opinion is not satisfactory in its reasoning. The chief thought running through the opinion is that defendant failed to overthrow the presumption of negligence, because there might have been other particulars in which defendant might have been negligent, aside from defects in the engine or in its construction, and aside from carelessness in operating it. In what such negligence could

consist, or how it could have been instrumental in causing the fire, was not pointed out by the court. We do not approve of holding one liable on a conjecture of possible negligence. The better rule is that the arbitrary presumption is overcome when the defendant has disproved negligence in those particulars as to which negligence might reasonably exist under the circumstances. And of course the plaintiff must be limited to the grounds of negligence set forth in his complaint. The court in this case justified this extreme doctrine by the language of the statute of that state, which, by its terms, clearly imports an absolute liability for fire, irrespective of negligence; the statute providing that "any corporation operating a railroad shall be liable for all damages by fire that is set out or caused by the operation of any such railroad." Civil Code, Iowa, § 1289. Say the court: "The construction of § 1289, of the Code requires a holding of absolute liability for such fires, or such a rule as this as to presumptions." If that court intended to decide that the mere fact that a single fire was set, as in that case, 116 feet from the track, was enough to carry the case to the jury, we must express our disapproval of such a rule. The other cases cited to support the claim that the setting of the fire 118 feet from the track was enough to carry the case to the jury, do not warrant any such doctrine. There were other elements which controlled these decisions. In *Railroad Co.* v. *McClelland*, 42 Ill. 355, where the fire caught 100 feet from the track, the court say: "There was no proof that the engine which threw the sparks into the plaintiff's meadow was provided with any means by which they might have been arrested. Indeed it is shown by the testimony of some of the engine drivers, sworn on behalf of the defendant, that an engine thus provided will not throw sparks 100 feet, though the wind might carry them twenty or thirty feet." In *Doyscher* v. *Railroad Co.*, (Minn.) 45 N. W. Rep. 719; where the fire started eighty-six feet from the track, there was testimony that, at the point where the fire was set out, there was found a coal cinder so large that it could not have passed through the meshes of the wire netting had it been in proper condition. In

*Railroad Co.* v. *Boss*, 41 Fed. Rep. 917; there was no evidence whatever showing that the engineer was a competent man, or that he operated the engine in a skillful manner. In this case the sparks were not only carried 100 feet from the track, but were thrown fifty feet into the air above the smoke stack, and there was evidence in the case, coming from the lips of the defendant's own skilled employe, tending to show that such a fact indicated that the engine was not in good condition. We are of opinion that the court should have granted the defendant's motion to direct a verdict in its behalf, and the judgment and order are therefore reversed, and a new trial ordered.

WALLIN, J., concurs.

BARTHOLOMEW, J., having been of counsel, did not sit on the hearing of the above case, nor take any part in the decision.